IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

FEB 0 6 2017

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-66-BLG-SPW |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| JEVON HASAN MCDUFFIE, | |
| Defendant. | |

Before the Court is the Government's Motion for Reconsideration of the Court's Order Granting McDuffie's Motion to Suppress on remand from the Ninth Circuit. (Doc. 78). For the foregoing reasons, the Government's Motion for Reconsideration is DENIED.

I.     Facts

On October 20, 2014, McDuffie filed a Motion to Suppress evidence seized from his vehicle during a traffic stop. (Doc. 17). The basis for McDuffie's motion was that the traffic stop had been unconstitutionally extended. (Doc. 18). On January 13, 2015, the Court denied the motion. (Doc. 39). On February 24, 2015, McDuffie pled guilty to the Superseding Information, reserving his right to appeal the denial of his Motion to Suppress. (Docs. 41 and 47). After multiple continuances, McDuffie was sentenced to 85 months in prison on December 15,

2015. (Doc. 65). McDuffie appealed the denial of his Motion to Suppress. (Doc. 68).

On April 21, 2015, the Supreme Court decided *Rodriguez v. United States*, 135 S. Ct. 1609, which changed the standard for extending traffic stops. (Doc. 72 at 3). In his argument before the Ninth Circuit, McDuffie argued the order denying his motion to suppress should be reversed because *Rodriguez* applied retroactively and rendered the extension of the traffic stop unconstitutional. (Doc. 83 at 7). The Government addressed *Rodriguez* in its response brief. (Doc. 83 at 7).

The Ninth Circuit agreed with McDuffie, and, on December 1, 2016, reversed the Court's Order denying McDuffie's Motion to Suppress. (Doc. 72). On remand, the Court entered an Order granting McDuffie's Motion to Suppress. (Doc. 76). The Government filed a Motion for Reconsideration, asking this Court to instead deny the Motion to Suppress. (Doc. 78).

## II.    Discussion

The Government argues suppression is not appropriate because, at the time the stop was extended, the officer was relying in "good faith" on binding precedent. (Doc. 79 at 14). The Court declines to address the Government's argument because it has forfeited its argument by failing to raise it to the Ninth Circuit.

Forfeiture is the failure to timely assert a right. *United States v. Olano*, 507 U.S. 725, 733 (1993). The Government's "good faith" argument should have been raised to the Ninth Circuit. The question before the Ninth Circuit was whether the stop was constitutional post-*Rodriguez*; both McDuffie and the Government agreed that the stop was constitutional pre-*Rodriguez*. (Doc. 79 at 12). The Ninth Circuit was therefore properly positioned to determine whether, regardless of whether the stop was constitutional post-*Rodriguez*, the evidence should not be suppressed because of the officer's good faith reliance on pre-*Rodriguez* precedent. By not timely raising the argument after it accrued, the Government forfeited it. *Olano*, 507 at 733. Furthermore, the Government has wasted and will continue to waste judicial resources by raising the argument to this Court instead of the Ninth Circuit. Regardless of the Court's decision, an appeal will follow. The parties will be back in front of the Ninth Circuit addressing an issue that was ripe for determination on the last trip.

## III. Conclusion

The Government's Motion for Reconsideration (Doc. 78) is DENIED.

DATED this _6th_ day of _February_, 2017.

SUSAN P. WATTERS
United States District Judge